CHICKASAW TELEPHONE COMPANY, Chouteau Telephone Company, Cimarron Telephone Company, Grand Telephone Company, Inc., Oklahoma T & T, Inc., the Totah Telephone Company, Inc., Valliant Telephone Company, Kan-Okla Telephone Association, Inc., and South Central Telephone Association, Inc., Petitioners,

v.

CORPORATION COMMISSION of the State of Oklahoma, Rex Privett, Chairman, Ray C. Jones, Vice Chairman, Hamp Baker, Commissioner, and the State of Oklahoma, Respondents,

Southwestern Bell Telephone Company, the real party in interest, Respondent,

General Telephone Company of the Southwest, a corporation, Intervenor before the Corporation Commission and a party in interest, Intervenor.

No. 49003.

Supreme Court of Oklahoma.

June 14, 1977.

As Corrected July 8, 1977.

Rehearings Denied Sept. 21, 1977.

James M. Caplinger, Topeka, Kan., Jesse D. Swift, Sand Springs, for petitioners.

Robert D. Allen, Oklahoma City, for respondent.

BERRY, Justice:

Petitioners filed a complaint with Corporation Commission [Commission] in December 1974, seeking to compel Southwestern Bell Telephone Company [respondent] to provide certain local exchange operator services to independent telephone companies at rates established by Commission.

Prior to this dispute, respondent provided this service to petitioners, and others, on an inter-company contract basis. In 1973 respondent decided to raise the charge for this service from 10.5 cents per month for each main telephone served to 20 cents per month during 1974 and 30 cents per month beginning in 1975 and issued cancellation notices on outstanding contracts. The rate increase was based upon average company-wide costs which encompassed a five state area.

Subsequently, over 30 independent telephone companies entered into new contracts with respondent. However, petitioners believed the charge excessive and not factually supportable and requested Commission to investigate and establish a reasonable charge.

Respondent denied Commission jurisdiction in the matter and maintained respondent voluntarily undertook to furnish such services by contract. Commission found respondent had a duty and obligation to provide such service to petitioners arising from requirements of public convenience and necessity and, therefore, Commission had power to determine a fair, reasonable and non-discriminatory rate.

In determining the rate Commission entered the following finding:

"The evidence in this record establishes and convinces us that the charge of 30¢ per main station per month is a fair, reasonable and nondiscriminatory charge to be paid by the Complainants to Respondent for such services. Specifically, we find that the only substantial and relevant evidence, respecting the value and appropriate costs of such services at this date, which this record contains, are the charges payable for such services under the 36 existing intercompany contracts which have now been duly filed with this Commission. Admittedly, such evidence is not absolutely conclusive but in the context of this record, it is persuasive and of such value to permit this Commission to establish a charge for such services at this time."

Upon this finding, Commission ordered the 30 cent rate be implemented at the next billing date.

The substance of petitioners' contention on appeal is that there is no substantial evidence to support the rate increase. We agree.

In addition to the above finding, Commission found:

"We find and conclude from the evidence presented that in the early 1960's the Respondent had separately contracted with each of the Complainants and other independent telephone companies to provide exchange operating services for such companies' exchanges for a contract consideration of 10.5¢ per main station per month, plus the costs of necessary operator trunks. These intercompany contracts were not submitted to this Commission and the Commission at that time did not assert jurisdiction over such contracts. These contracts were cancelled by Respondent, by notices issued in November, 1973, as authorized by such contracts. After the cancellation of the contracts, Respondent continued to provide these services while negotiations proceeded to new contracts. Dispute arose over the validity of the cost study made by Respondent of its 'five state average company-wide costs' for providing the services. *Herein, and before us, the Respondent acknowledged that this 'study' was not reflective of Oklahoma costs alone, nor did it reflect current costs in Oklahoma since the study was based on 1972 data.*" [emphasis added]

Clearly, Commission expressly found, and respondent admitted, the costs were not

related to Oklahoma costs and, moreover, were not current. Notwithstanding the finding of factual invalidity, Commission recognized the costs as valid for rate determination merely because over 30 independent telephone companies acquiesced to respondent's demands.

■ Furthermore, in syllabus 5 of *Oklahoma-Arkansas Tel. Co. v. Southwestern Bell T. Co.,* 143 Okl. 76, 291 P. 3, we held:

"Section 18, art. 9 of the Constitution of Oklahoma is mandatory, and the Corporation Commission of Oklahoma is not authorized thereby to permit connecting telephone companies to agree upon the rates to be charged for services between the connecting companies. The public is an interested party in the matter of rates, and its rights may not be interfered with through the fixing of a rate by agreement between the connecting companies."

Therefore, we hold negotiated charges for services between telephone companies is not a substantial basis upon which to grant a rate increase.

■ Respondent argues notwithstanding invalidity of cost data derived from 1972 five-state survey information, there is other substantial competent evidence in the record to sustain the 30 cent rate. Commission specifically found charges under inter-company contracts were the only relevant evidence in the record and respondent admits the five-state study was not reflective of Oklahoma costs. Moreover, respondent has failed to direct our attention to other evidence and a diligent search of the record fails to disclose such evidence. Therefore, we conclude there is no substantial evidence in the record which supports the 30 cent rate determined by Commission. See Okl. Const., Art. 9 § 20.

Commission Emergency Order 109803, providing temporary rates of 20 cents per main station for 1974 and 25 cents thereafter until final order, is reinstated.

Reversed.

LAVENDER, V. C. J., DAVISON, IRWIN, BARNES, SIMMS and DOOLIN, JJ., and ROMANG, Special Justice, concur.

WILLIAMS, J., dissents.

RALPH B. HODGES, C. J., having certified his disqualification in this case, the Honorable RICHARD E. ROMANG, was appointed Special Justice in his stead.